RECEIVED
IN ALEXANDRIA, LA.

JAN 27 2014

TONY R. MOORE, CLERK
                    DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ARMANDO MORALES MEDINA | DOCKET NO. 13-cv-2989; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| DEPT. HOMELAND SECURITY | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a "Motion for Preliminary Injunction Requesting a Bond or Release Under Supervision" [Docs. #1, 4] filed by pro se petitioner Armando Morales Medina. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is being detained at the LaSalle Detention Center. Petitioner ultimately seeks an immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Petitioner's Allegations*

Petitioner is a citizen of Mexico who entered the Country illegally in January 1993. He is apparently awaiting removal, and he alleges that his Motion for Bond was denied by the Immigration Judge on October 31, 2013. It does not appear that he appealed the decision to the Board of Immigration Appeals.[1] He asks that this

---

[1] "An appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to §1003.38." 8 C.F.R. §1003.19(f); § 1003.38 ("Decisions of Immigration Judges may be appealed to the Board of Immigration Appeals ...."); §1003.1(b)(7) ("Appeals may be filed

Court enter a preliminary injunction for immediate release under supervision on the grounds that his detention violates the Constitution and laws of the United States. Alternatively, he seeks an order from the Court ordering an immigration judge in Oakdale to hold a hearing at which the government would have to justify Petitioner's detention. ***Petitioner maintains that he does not wish to file a habeas case.*** [Doc. #4,5,6] Rather, he only seeks the specified injunctive relief.

*Law and Analysis*

Whether styled as a motion for injunction or a petition for writ of habeas corpus, this Court lacks jurisdiction to review the Attorney General's discretionary authority to deny bond in a case such as this. The Immigration and Naturalization Act ("INA") has two sections that allow for the detention of aliens. Title 8 U.S.C. §1226(c) makes it mandatory for the Attorney General to detain any alien who has been convicted of a class of enumerated felonies. Title 8 U.S.C. §1226(a) gives the Attorney General the discretion to arrest and detain an alien pending a decision on whether the alien is to be removed from the United States. It also gives the Attorney General the discretion to continue to detain the alien or release the alien on bond of no less than $1,500 or conditional parole. 8 U.S.C. §1226(a)(1)-(2). See <u>Malm v. Holder</u>,

---

with the Board of Immigration Appeals from ... [d]eterminations relating to bond, parole, or detention of an alien as provided in 8 CFR part 1236, Subpart A.").

2012 WL 2568172. Petitioner claims, in part, that his detention violates 8 U.S.C. §1226(a). However, §1226(e) provides:

> (e) Judicial review
>
> The Attorney General's discretionary judgment regarding the application of this section **shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole**.

8 U.S.C. § 1226(e).

In Kambo v. Poppell, 2007 WL 3051601 (W.D.Tex.), the court found that under 8 U.S.C. §1226(e), §1252(a)(2)(B)(ii), and the Fifth Circuit's decision in Loa-Herrera v. Trominski, 231 F.3d 984 (5th Cir. 2002), it lacked jurisdiction to review the decision to deny release on bond itself or the Attorney General's discretionary judgment regarding the application of §1226(a), "'including the manner in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints.'" See Malm, *supra*, citing Kambo, 2007 WL 3051601 at *10 (quoting Loa-Herrera, 231 F.3d at 991). Likewise, the undersigned suggests that this Court has no jurisdiction to review the Attorney General's discretionary judgment regarding his application of the release and bond provisions of §1226(a) as to Petitioner. "Federal courts are courts of limited jurisdiction, and Congress could not have been more clear in its 2005 legislation expressly denying jurisdiction to this Court to review **under habeas or otherwise** the Attorney

General's discretionary authority to deny bond in a case such as this." Malm, supra, emphasis added. Petitioner's claim seeking injunctive relief regarding the Immigration Judge's denial of bond should be dismissed for lack of jurisdiction.

As to Petitioner's claims regarding Due Process and Zadvydas, Petitioner maintains that he does not seek a writ of habeas corpus. Courts have repeatedly held that the sole remedy in seeking an immediate release from custody is not to seek an injunction, but rather to file a petition for writ of habeas corpus. See In Re Whitfield 2008 WL 394713 (S.D.Tex.), citing Hightower v. Rodriguez, 2002 WL 1219681, at *1 (5th Cir. 2002); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). **Therefore, to seek a release from custody based on Due Process / Zadvydas, Petitioner *must* file a petition under Section 2241.** His motion for injunctive relief is not an independent cause of action and should be dismissed. Should Petitioner wish to challenge his continued post-removal-order-detention, he should complete the proper forms provided to him by the Clerk of Court; he may also submit copies any supporting documents.

For the foregoing reasons, **IT IS RECOMMENDED** that the "Motion for Preliminary Injunction Requesting a Bond or Release Under Supervision" [Doc. #4] be **DENIED AND DISMISSED AS TO THE CONSTITUTIONAL CLAIMS, WITHOUT PREJUDICE TO FILING A SECTION 2241 PETITION**, and **DENIED AND DISMISSED FOR LACK OF JURISDICTION** as to

the claims regarding the denial of a bond by the Attorney General.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE **WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND **SIGNED** in chambers, in Alexandria, Louisiana, on this ____ day of January, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE